# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN BASIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-1176-KHV-KGG |
| | ) |
| BOEING CO., | ) |
| SPIRIT AEROSYSTEMS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPORT & RECOMMENDATION ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL AND
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint alleging employment discrimination, Plaintiff Steven Basic has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1). He also has filed a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1), the Court is prepared to rule.

**I.      Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 77-years-old and divorced with two teen-aged dependents, for whom he pays monthly child support. (Doc. 3-1, at 1, 2, 5.)  Plaintiff is currently unemployed and was most recently employed by Defendant, making a reasonable wage.  (*Id*., at 2-3.)  He receives significant monthly Social Security benefits as well as a small monthly pension payment.  (*Id*., at 4-5.)

Plaintiff owns a modest home and vehicle, both outright.  (*Id*., at 4.)  He enumerates reasonable monthly expenses, including certain utilities, telephone,

2

automobile insurance, gas, groceries, and child support. (*Id.*)  He has never filed for bankruptcy.  He indicates a sizeable amount of cash on hand. (*Id.*, at 4.)

Considering all of the information contained in the financial affidavit, Plaintiff has not established that his access to the Courts would otherwise be seriously impaired if he is not granted *IFP* status.  His monthly income exceeds his monthly expenses and he has the aforementioned cash on hand.  He also owns his own home and automobile outright.  Plaintiff is not in the type of financial situation for which the *IFP* status was created.  Under these circumstances, the undersigned Magistrate Judge **recommends** that Plaintiff's motion for *IFP* status be **DENIED**.[1]

## II.   Motion for Appointment of Counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985)

---

[1] A United States Magistrate Judge, on a plaintiff's motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the plaintiff is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal.  ***Lister v. Department of Treasury***, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

(listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  *Castner*, 979 F.2d at 1421.

The Court is satisfied that Plaintiff diligently searched for counsel.  (*See* Doc. 4.)  Although the Court does not recommend that Plaintiff be granted *IFP* status, as discussed in § I, *above*, the Court does not necessarily agree that Plaintiff could afford counsel.

As for the third *Castner* factor, the merits of Plaintiff's claims, the Court has specific concerns on the face of Plaintiff's federal court Complaint.  (Doc. 1.)  Plaintiff's submits both a form civil Complaint and a form Employment Discrimination Complaint.  (*See generally, id.*)  Although he indicates that the filed an EEOC charge of discrimination on March 5, 2012, and received a Notice of Right-to-Sue letter (Doc. 1, at 15; *see also* at 12), Plaintiff has failed to attach a copy of the Right-to-Sue letter to his Complaint as instructed.  Given that only two months elapsed from the time Plaintiff alleges to have submitted his agency

4

discrimination charge until he filed his federal court Complaint on May 14, 2012, the Court is not entirely satisfied that Plaintiff did, in fact, receive a Right-to-Sue letter without seeing the same.  The Court will further address deficiencies regarding Plaintiff's Complaint in the final section of this Order.

In considering the final *Castner* factor – Plaintiff's capacity to represent himself – the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  979 F.2d at 1422.  The Court notes that the factual and legal issues in this employment discrimination case are not unusually complex.  *See* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day.  To the contrary, Plaintiff has shown his ability to represent himself by drafting his agency charge of discrimination and federal court Complaint, which set out the operative facts to support his claims.  (*See generally*, Doc. 1.)  Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant

appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to his case. As such, his Motion to Appoint Counsel is **DENIED**.

## II. Sufficiency of Complaint and R&R for Dismissal.

When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests. 28 U.S.C. §1915(e)(2). Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. §1915(e)(2).[2] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." **Harris v. Campbell**, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**,

---

[2] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.,* ***Rowe v. Shake,*** 196 F.3d 778, 783 (7th Cir. 1999); ***McGore v. Wigglesworth,*** 114 F.3d 601, 608 (6th Cir. 1997).

935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." **Fisher v. Lynch**, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22,

7

2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. at 1974).  Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

   While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendants sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).  After reviewing a plaintiff's complaint and construing the

allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

It is well-settled that a plaintiff must exhaust his administrative remedies before bringing a discrimination suit under Title VII and/or the Americans with Disabilities Act.  *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir.1997). The filing of an administrative charge of discrimination with an agency such as the EEOC or KHRC is a prerequisite to this court's jurisdiction to hear a discrimination claim.  *Jones v. Runyon*, 91 F.3d 1398, 1399-1400 n. 1 (10th Cir. 1996);  *Shikles v. Sprint/United Management Co.,* 426 F.3d 1304, 1317 (10th cir. 2005).  Even assuming that Plaintiff has exhausted his administrative remedies (given Plaintiff's failure to include his EEOC right-to-sue letters as part of his Complaint), the Court identifies a fatal flaw with Plaintiff's case.

The allegations in Plaintiff's Complaint revolve about concerns he raised relating to "material fatigue" in components of the space shuttle.  (*See* Doc. 1, at 4, 6.)  He contends that he was "blacklisted," retaliated against, and terminated from employment as a result of raising these issues.  (*Id*., at 4.)  Unfortunately for Plaintiff, however, these events occurred in 2003 (*see id*., at 6, 18)  – almost a full decade before he filed his EEOC charge of discrimination and subsequent federal

court Complaint. This puts Plaintiff's allegations, even if accepted as true, well beyond the statute of limitations for bringing this type of action. *See Croy v. Cobe Labs., Inc*., 345 F.3d 1199, 1202 (10th Cir.2003) (citation omitted) (holding that, absent a basis for equitable tolling, a plaintiff must file an administrative charge of discrimination with the EEOC within 300 days of the discriminatory conduct before filing a civil lawsuit). *See also Dumas v. Proctor and Gamble Mfg. Co*., 453 F. App'x 819 (10th Cir. 2011).

Additionally, although Plaintiff's Complaint focuses on the dismissal of his claim by the Equal Employment Opportunity Commission, he does not make any allegations of discrimination which would have been within that agency's jurisdiction (e.g. race, color, age, national origin, gender, disability). In short, he does not state a claim for unlawful employment discrimination. His complaint alleges unfair treatment by his employer caused by internal complaints about product quality. He makes no cognizable legal claim based on those facts, and no claim within the jurisdiction of this Court. Even if he could articulate a claim, there is nothing in his Complaint which would save that claim, based on a 2003 employment action, from expiring under an applicable statue of limitations long before the current case was filed.

Based on the information presented to the Court, Plaintiff's Complaint fails

to state a claim upon which relief may be granted and, therefore, his Complaint cannot meet the Rule 12(b)(6) sufficiency standard. This Court therefore **RECOMMENDS** to the District Court that Plaintiff's case be **DISMISSED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's motion for *IFP* status be **DENIED**.

**IT IS FURTHER RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for lack of federal court jurisdiction.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of

Counsel (Doc. 5) is **DENIED**.

    **IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of July, 2012.

       /S Kenneth G. Gale
       KENNETH G. GALE
       United States Magistrate Judge